IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JULIAN WYRE, # 30166-424,

                    Petitioner,

        vs.                         Case No. 14-cv-418-DRH

JAMES CROSS,

                    Respondent.

## MEMORANDUM AND ORDER

**HERNDON, Chief Judge:**

Petitioner Julian Wyre is currently in the custody of the Federal Bureau of Prisons (BOP), incarcerated at FCI-Greenville.   He is serving a 204-month sentence following his guilty plea and conviction in the Northern District of Illinois, Case No. 07-cr-50039, for possession with intent to distribute cocaine base.   He brings this emergency habeas corpus petition pursuant to 28 U.S.C. § 2241, claiming that respondent violated his due process rights when he denied permission for petitioner to attend his grandmother's funeral on an unmonitored temporary furlough.   The petition was submitted to prison authorities for mailing on April 3, 2014.   It was received by the Clerk of Court through regular mail on April 8, 2014, and filed immediately.

Petitioner's sentence was imposed on November 6, 2008, and he is not

projected to be released until February 2022.[1]  Petitioner learned on April 2, 2014, that his grandmother had died that day (Doc. 1, p. 2).  On April 3, 2014, he submitted a written request to Respondent Cross asking for an unmonitored temporary release for a 24-hour period (including travel to and from Chicago and time to attend the funeral).  Petitioner is unable to pay the estimated $5,000.00 cost for a monitored furlough.[2]  The funeral was to be scheduled during the week of April 7-11, 2014; the exact date was unknown to petitioner at the time he filed this action.  His request was denied on April 3, 2014, and petitioner filed this action the same day, apparently without seeking review through the BOP's administrative remedy process.  He asks that he be excused from the requirement to exhaust these remedies (Doc. 1, p. 2).

Petitioner does not attach any documentation to disclose the reason(s) for respondent's denial of his request, although he refers to an "Exhibit A," described as the "Inmate Request to Staff" (Doc. 1, p. 2).  He asserts, however, that respondent failed to consider each of the three criteria listed in the statute authorizing the BOP to grant a temporary release, which states in pertinent part:

> The Bureau of Prisons may release a prisoner from the place of his imprisonment for a limited period [1] if such release appears to be consistent with the purpose for which the sentence was imposed and any pertinent policy statement issued by the Sentencing Commission pursuant to 28 U.S.C. 994(a)(2), [2] if such release otherwise appears

---

[1] This estimate is from the Inmate Locator section of the website of the Federal Bureau of Prisons, http://www.bop.gov/inmateloc/ (last visited April 8, 2014).

[2]  Petitioner does not indicate whether he has funds to pay his own travel expenses for a trip to Chicago.  The expenses of a furlough are the responsibility of the inmate or inmate's family, or other source approved by the warden, except if the furlough is for the government's primary benefit.  28 C.F.R. 570.34.  The Court will assume that petitioner's family would pay the expenses of the unsupervised furlough proposed by petitioner.

to be consistent with the public interest and [3] if there is reasonable cause to believe that a prisoner will honor the trust to be imposed in him, by authorizing him, under prescribed conditions, to--

(a) visit a designated place for a period not to exceed thirty days, and then return to the same or another facility, for the purpose of--
. . .
(2) attending a funeral of a relative[.]

18 U.S.C. § 3622(a)(2).  Petitioner argues that this statute specifically authorizes the temporary release he seeks, and he has a constitutional right to be properly considered for such a furlough (Doc. 1, p. 3-4).  As relief, he asks this Court to order the respondent to grant his request for an unmonitored temporary release.

Due to the exigent nature of this matter, The Court construes the Emergency Petition for Writ of Habeas Corpus (Doc. 1) as both a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241, and a motion for emergency injunctive relief.

## Exhaustion of Administrative Remedies

The Seventh Circuit notes that there is no statutory exhaustion requirement for a § 2241 petition.  *Gonzalez v. O'Connell*, 355 F.3d 1010, 1015-19 (7th Cir. 2004) (citing *James v. Walsh*, 308 F.3d 162, 167 (2d Cir. 2002)).  "[W]here Congress has not clearly required exhaustion, sound judicial discretion governs." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992).[3]

Exhaustion  may  be  excused  when:  (1)  requiring  exhaustion  of

---

[3] As the Seventh Circuit notes in *Gonzalez, McCarthy* has been superseded by the PLRA to the extent it held that federal prisoners seeking monetary damages in a *Bivens* action are not required under 42 U.S.C. § 1997e to exhaust administrative remedies provided by the BOP.  However, *McCarthy*'s principle that when exhaustion is not statutorily mandated, "sound judicial discretion governs," 503 U.S. at 144, remains good law, as does its further admonitions on how that discretion should be utilized.  *See, e.g., Zephyr Aviation L.L.C. v. Daile*y, 247 F.3d 565, 570–73 (5th Cir.2001).  *Gonzalez*, 355 F.3d 1010, 1016 n. 5.

administrative remedies causes prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional questions are raised. *Iddir v. INS*, 301 F.3d 492, 498 (7th Cir. 2002) (internal quotations and citations omitted).

Given that the funeral is planned to occur during the current week of April 7-11, 2014, time is of the essence.[4]  The Court grants petitioner's request to be excused from the exhaustion of administrative remedies requirement, and will address his substantive claim for relief.

**Merits Review**

Rule 4 of the Rules Governing § 2254 Cases in United States District Courts provides that upon preliminary consideration by the district court judge, "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."  Rule 1(b) of those Rules gives this Court

---

[4] The procedures for administrative resolution of inmate complaints are set forth in 28 C.F.R. § 542.10, *et seq*.  An inmate must first "informally" present a complaint to staff for resolution.  28 C.F.R. § 542.13(a).  If the inmate is dissatisfied with the response, he or she must file a BP-9 (Request for Administrative Remedy) seeking administrative review with the warden within 20 days of the incident.  *See* 28 C.F.R. § 542.14(a).  If the warden does not satisfactorily resolve the grievance, the inmate has 20 days to file a BP-10 with the BOP's regional director.  *See* 28 C.F.R. § 542.15(a).  If the matter is not resolved by the regional director's disposition, the final level of appeal is to the BOP's general counsel, where a BP-11 must be filed within 30 days.  *Id*.; *see also Massey v. Helman*, 259 F.3d 641, 643 (7th Cir. 2001).

the authority to apply the rules to other habeas corpus cases. After carefully reviewing the petition in the present case, the Court concludes that petitioner is not entitled to relief, and the petition must be dismissed.

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a prisoner is challenging the fact or duration of confinement. *Preiser v. Rodriguez*, 411 U.S. 475, 490 (1973); *Waletzki v. Keohane*, 13 F.3d 1079, 1080 (7th Cir. 1994). A writ of habeas corpus may be granted where the inmate is in custody in violation of the Constitution or laws or treaties of the United States. *See* 28 U.S.C. § 2241(c)(3). Here, petitioner contends he has been denied due process, as guaranteed by the Fifth Amendment, because respondent allegedly failed to consider the applicable statutory factors in 18 U.S.C. § 3622. "The touchstone of due process is protection of the individual against arbitrary action of government." *Wolff v. McDonnell*, 418 U.S. 539, 558 (1974) (citation to *Dent v. West Virginia*, 129 U.S. 114, 123 (1889), omitted)).

As an initial matter, it does not appear that this Court has any authority to grant a furlough. Congress has given the BOP – not the courts – the authority to temporarily release a federal prisoner. *See* 18 U.S.C. § 3622(a).[5] In any event, petitioner's due process argument fails on the merits.

The Federal Bureau of Prisons "may" grant "temporary release" – a furlough

---

[5] *United States v. Smith*, 438 F.3d 796 (7th Cir. 2006), provides guidance. In *Smith*, the Court of Appeals for the Seventh Circuit stated that once a sentence has been imposed, neither the judge nor a parole board may make changes except for that authority explicitly given to district judges in 18 U.S.C. § 3582(c). *Smith*, 438 F.3d at 798. *See also United States v. Greer*, 2010 WL 3279335 (E.D. Wis. Aug. 19, 2010) (dismissing, and in the alternative denying, motion for temporary release to attend funeral; citing *Smith*); *United States v. Reed*, 2008 WL 4822045, *2 (C.D. Ill. Oct. 28, 2008) (citing *Smith* regarding the limits on district courts' authority to alter a sentence).

– in limited circumstances, which include "attending a funeral of a relative."   18

U.S.C. § 3622(a)(2).   Thus, the decision on whether to approve a furlough is a

discretionary matter.

Regulations have been prescribed for the furlough process:   28 C.F.R. §§

570.30-.38.  The prescribed procedures are:

(a) Application.  Inmates may submit a furlough application to staff, who will review it for compliance with these regulations and Bureau policy.

(b) Notification of decision.   An inmate will be notified of the Warden's decision on the furlough application.   Where a furlough application is denied, the inmate will be notified of the reasons for the denial.

(c) Appeal.   An inmate may appeal any aspect of the furlough program through the Administrative Remedy Program, 28 CFR Part 542, Subpart B.

28 CFR § 570.37.  Being present during "a crisis in the immediate family, or other

urgent situation" is a recognized justification for a furlough.  28 C.F.R. 570.33(b).

"[A] party complaining of a due-process violation must assert a liberty

interest in order to maintain his due-process claim." *Khan v. Mukasey*, 517 F.3d

513, 518 (7th Cir. 2008) (citing *Cevilla v. Gonzales*, 446 F.3d 658, 662 (7th Cir.

2006)).   Because mandatory procedures are prescribed for considering an

application for furlough, the Court will assume that some level of due process is

triggered, although the issue is debatable.  *See generally Greenholz v. Inmates of*

*Nebraska Penal and Correctional Complex*, 442 U.S. 1, 12-13 (1979); *United*

*States v. Roque-Espinoza*, 338 F.3d 724, 729-30 (7th Cir. 2003).   These cases

held that, relative to discretionary parole decisions, mandatory procedures trigger

minimal due process protections.  But the process that is due following a parole hearing consists of merely informing the prisoner of the reason(s) for denial of the discretionary release, much like the process outlined in the federal regulations at 28 CFR § 570.37 set forth above.  *See Greenholz*, 442 U.S. at 15; *Walker v. Prisoner Review Board*, 769 F.2d 396, 400 (7th Cir. 1985).  Of course, no hearing is required under the statute or regulations governing temporary release of a prisoner.

The instant petition does not disclose the reason for respondent's denial of petitioner's furlough request.  At the same time, petitioner does not assert that respondent failed to give him any reason.  Petitioner points out that 18 U.S.C. § 3622(a)(2) says that release may be granted to attend the funeral of "a relative," without respect to degree of separation.  However, the regulation prescribed to guide the BOP, 28 C.F.R. § 570.33(b), specifies "immediate family."  Black's Law Dictionary defines "immediate family" as one's parents, brothers and sisters, wife or husband, and children – also referenced as "first degree relatives."  *See* www.thelawdictionary.org/immediate-family (last visited April 8, 2014).  A grandparent is not included in this definition of immediate family, therefore, if respondent denied petitioner's request in reliance on 28 C.F.R. § 570.33(b), there was no abuse of discretion.

Petitioner claims that respondent erred in failing to consider any of the factors outlined in 18 U.S.C. § 3622 (whether the temporary release appears to be consistent with the purpose for which his sentence was imposed and pertinent

policy statement(s) of the Sentencing Commission; whether the release would be consistent with the public interest, and whether there is cause to believe that petitioner would honor the trust imposed in him if release were granted). However, his argument that respondent is obligated to consider *each* of these factors is unavailing.  Under the plain language of the statute, release "may" be granted "if" the first two factors "*and*" the third factor are all found to be present. The conjunctive "and" dictates that all three factors must be satisfied in order for a temporary release to be granted; if the BOP determines that any one of these criteria is not met, the furlough should be denied.

The record of an earlier unrelated § 2241 action filed by petitioner in this court demonstrates that security concerns are present which would dictate against his temporary release. *See Wyre v. Cross*, Case No. 13-cv-538-CJP (S.D. Ill., Doc. 17, Jan. 21, 2014).[6]  In addition to having approximately eight more years remaining on his sentence, petitioner was under "a security designation of 'medium' and a custody classification of 'in,' which is the second highest custody level within the Federal Bureau of Prisons."  *Id*.  These factors would also justify the denial of his request under 18 U.S.C. § 3622.

The Court sympathizes with petitioner's loss and his desire to attend his grandmother's funeral to grieve together with his family.  However, absence from family affairs is one of the ordinary consequences of incarceration.  Due process considerations, if applicable at all in this context, are satisfied if respondent

---

[6] Court documents are, of course, public records of which the Court can take judicial notice.  *See Henson v. CSC Credit Servs.*, 29 F.3d 280, 284 (7th Cir. 1994).

merely informs petitioner of the reason why his furlough request was denied. Petitioner has not demonstrated that respondent failed to do so, much less that the decision was an improper exercise of the broad discretion granted to the BOP under the statute and regulations.

For the above reasons, the petition shall be dismissed with prejudice, and the request for injunctive relief denied.

**Filing Fee**

Petitioner has been informed by letter dated April 8, 2014, of his obligation to either pay the $5.00 filing fee for this action or submit a motion for leave to proceed in forma pauperis (IFP) (Doc. 2). He must take such action no later than May 8, 2014. This obligation is not extinguished by the dismissal of the suit. *See* 28 U.S.C. § 1915(a)(1); *Lucien v. Jockisch,* 133 F.3d 464, 467-68 (7th Cir. 1998).

**Disposition**

**IT IS HEREBY ORDERED** that petitioner Julian Wyre's Emergency Petition for Writ of Habeas Corpus (Doc. 1) is **DISMISSED** with prejudice, and his request for injunctive relief is **DENIED** with prejudice.

The Clerk is **DIRECTED** to close this case and enter judgment accordingly.

The Clerk of Court is further **DIRECTED** to mail a copy of this order forthwith to petitioner. In light of the time-sensitive nature of this matter, the Clerk of Court is further **DIRECTED** to also attempt to communicate this ruling to petitioner by any other means available to the Clerk, such as via telephone, fax or email.

If petitioner wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues petitioner plans to present on appeal.   *See* FED. R. APP. P. 24(a)(1)(C).   If petitioner does choose to appeal and is allowed to proceed IFP, he will be required to pay a portion of the $505.00 appellate filing fee in order to pursue his appeal (the amount to be determined based on his prison trust fund account records for the past six months) irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  It is not necessary for petitioner to obtain a certificate of appealability from this § 2241 petition. *Walker v. O'Brien*, 216 F.3d 626, 638 (7th Cir. 2000).

**IT IS SO ORDERED.**

**DATED: April 8, 2014**

David R. Herndon
2014.04.08
16:43:18 -05'00'

**Chief Judge**
**United States District Court**